■ In the Matter of JOSEPH FOURNIER, Petitioner, v RICHARD D. HONGISTO, as Acting Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Correctional Services, which sustained a determination of the Superintendent of the Clinton Correctional Facility. Petitioner, an inmate at the Clinton Correctional Facility, was given the privilege of acting within the prison as a legal assistant clerk in the Clinton Main Law

Library. On March 15, 1979, he was assigned by his supervisor to assist an inmate, under "keep-lock" in Cell Block C, in obtaining counsel as an indigent and in perfecting an appeal from a parole board decision, dated March 7, 1979. Petitioner prepared a notice of appeal; an application for counsel pursuant to section 259 of the Executive Law; and a request for interview addressed to Corrections Officer Henry G. Briquer, a notary public. Petitioner obtained a pass to the cell block and advised the inmate to request the services of a notary public so that he could place the application for counsel in the mails as promptly as possible. Thereafter, on March 15, 1979, petitioner was given a "Notice of Report", advising him that there had been filed with the superintendent a misbehavior report for violation of rules 3.30-1, 3.30-8 and 3.30-12 at Cell Block C. This notice charged petitioner with three types of class C, less serious misbehavior. Rule 3.30-1 charged abuse of privileges, defined as wrong or improper use of any benefit allowed by facility staff. Rule 3-30.8 charged harassment, defined as to harass, annoy or alarm an employee or inmate. Rule 3.30-12 charged lying, defined as giving incomplete and/or false statements or information. On March 16, 1979, petitioner appeared before the adjustment committee. The committee considered the misbehavior report and petitioner's rebuttal and assessed petitioner seven days keep lock, but deferred this action for 90 days as authorized by 7 NYCRR 252.5 (d). Adjustment committee proceedings are not recorded stenographically or by an electronic recording device. Therefore, no transcript is available. According to the committee's written report, the basis of the charges was that petitioner had advised the corrections officer that the papers had to be notarized that day because they had to go out that day; that petitioner had been informed that if this information was not correct the corrections officer would make a misbehavior report on him; and that the notary had informed the corrections officer that there was no emergency because the papers had until April 7 to reach the court. Petitioner sought review by the superintendent and on April 12, 1979 was notified by the deputy superintendent that the disposition of the adjustment committee had been ordered "Modified. Disposition to read. Counseled. You were told by the Correction Officer that if the papers didn't need to go out that day you would be written up. The Head Clerk's Office said the papers had until April 7th to reach the court, more than three weeks." Petitioner then sought review by the Commissioner of Correctional Services and on May 10, 1979, was advised that the determination of the deputy superintendent was valid and that he should consider his administrative remedies exhausted. Petitioner then commenced this proceeding, alleging that the determination of the adjustment committee was in violation of lawful procedure, was arbitrary and capricious, was not supported by substantial evidence, and was the result of an unfair, partial and capricious hearing in violation of minimum standards of due process of law. In *Matter of Amato v Ward* (41 NY2d 469, 472-473), the Court of Appeals said that "strict full due process standards need not be met in these informal proceedings" before an adjustment committee, since no sanction more severe than the loss of minor privileges can result from the committee's action. This determination was based upon consideration of the regulations governing disciplinary proceedings in the prisons of this State, which provide for an adjustment committee, made up of three employees, which investigates the alleged infraction (7 NYCRR 252.1 [b], 252.2 [a]). The adjustment committee endeavors to obtain from the inmate a full and complete explanation of his behavior in the incident (7 NYCRR 252.3 [e]). The authority of the committee is to recommend that no action be taken, or to require counseling or to impose

relatively minor sanctions to improve the inmate's behavior (7 NYCRR 252.4, 252.5). Petitioner was counseled by the adjustment committee in accordance with the law and with departmental regulations, and the determination made by that committee is supported by substantial evidence, and the determination was neither arbitrary nor capricious. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.